allowed at the sum of $30, together with the necessary disbursements of said referee; the fees and disbursements of the referee to be paid in the first instance from the estate of said deceased, and taxed as a part of the disbursements against the appellant.

WILLIAMS, J., concurs in result only.

---

(108 App. Div. 168.)

### WOOD v. SNIDER.

(Supreme Court, Appellate Division, Fourth Department.  October 18, 1905.)

ANIMALS—DAMAGING LANDS—UNFENCED HIGHWAYS.

    The owner of cattle, which, while being driven along an unfenced highway, escape without negligence of those driving them to adjoining land, and then to land of another owner further from the road, no fence being between the lands of the different owners, is not liable for the injury done; the cattle being immediately pursued and driven back.

    [Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Animals, §§ 332, 334, 344.]

Appeal from Monroe County Court.

Action by Allen L. Wood against Hymen Snider.  From a judgment affirming a dismissal of the complaint by a justice of the peace, with costs, plaintiff appeals.  Affirmed.

The following is the opinion of Sutherland, J., in the court below:

    This action was brought to recover for damages to corn and strawberries growing upon the farm owned and occupied by plaintiff in the town of Brighton, which were trampled down and destroyed by some cattle which escaped from the highway along which they were being driven and ran onto the premises of the plaintiff, doing the damage complained of.  There were 40 head in the drove of cattle which was passing along the highway, being driven from the place where they were unloaded from the cars, in the town of Brighton, to a slaughterhouse in Irondequoit.  The defendant owned 10 of the head in the drove.  It is conceded that the cattle were properly attended and that their escape from the highway was not due to any actual negligence on the part of those driving them.  At the point where the cattle left the highway the adjacent land is owned by one Busher.  Plaintiff's land is just in the rear of Busher's land; there being no division fence between Busher and the plaintiff and no fence in front of Busher's land.  About half the drove escaped from their attendants, crossed Busher's land, and entered upon the premises of the plaintiff, trampling down the corn and strawberry plants in such quantities as to do serious damage.  The cattle were immediately pursued and driven back into the highway.

    The common-law rule compelled each man to keep his cattle on his own land, and fences were designed to keep one's cattle at home, rather than to keep the cattle of others out, and the owner was liable for the damage done by his cattle trespassing on the land of others.  It does not seem that negligence had to be proved, but the liability was established by proof of the trespass.  Tonawanda Railroad Co. v. Munger, 5 Denio, 255, 49 Am. Dec. 239.  And see note of Esek Cowan to Bush v. Brainard, 1 Cow. 78, 13 Am. Dec. 513; Angell v. Hill (Sup.) 18 N. Y. Supp. 824; Rightmire v. Shepard (Sup.) 12 N. Y. Supp. 800; 12 Am. & Eng. Enc. of Law, p. 1040.  There is an exception, however, made under the common law in favor of one driving his cattle along the public highway.  If such cattle, while being so driven and properly attended, escape without the driver's fault into the adjoining land, the owner is not made liable for the damage done if he makes fresh pursuit and all proper endeavors for the return of the cattle; and the reason

for this exception arises out of the fact that the owner of the cattle may rightfully drive them along the public highway, and there is no obligation upon the owner of the cattle to fence the highway along which he expects to drive his cattle. Therefore, if, without fault on his part and owing to a lack of fences intervening between the lands trespassed upon and the highway, the cattle suddenly run from the highway into the adjacent lands, the owner of the cattle is not to be mulcted in damages if he makes fresh pursuit and uses all proper endeavors to drive them back into the road. The contrary rule would make prohibitive the use of the public highway for the driving of cattle, and the owner of adjacent lands must protect them by fences if he seeks to be immune from all possible damage of that sort.

It is conceded by the appellant here that, if his land had been immediately adjacent to the highway, he could have had no claim against the owner of the cattle in question, and he rests his case upon a supposed distinction between the rights of the owner of land abutting on the highway and the owner of land not touching the highway; and some things have been said in the reported cases which give support to the appellant's contention. See McDonnell v. Pittsfield Railroad Co., 115 Mass. 564. But such a distinction does not seem to be logical nor just when applied to the facts of this case. If the defendant is not liable for such damage as his cattle did upon Busher's land, because the cattle escaped from the highway where they were lawfully being driven, why should the plaintiff have a cause of action? In one dash for liberty the destructive herd rushed, unimpeded by any fence or other obstruction, directly across the front strip owned by Busher and onto the land of Wood. The use of the highway by defendant was lawful. He was exercising all proper care, and could not have prevented the entry of the cattle upon Wood's land any easier than he could their entry upon the land of Busher; and, for the same reason that he is not liable to Busher for any damage done him, he is free from obligation to the plaintiff, in the absence of proof that the escape of the herd from the roadway was due to the lack of some reasonable precaution on the part of the defendant.

The judgment appealed from is affirmed, with costs.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Richard E. White, for appellant.
George E. Warner, for respondent.

PER CURIAM. Judgment affirmed, with costs, on opinion of Sutherland, J., in the County Court.

---

(108 App. Div. 170.)

STOCKTON v. CITY OF BUFFALO et al.

(Supreme Court, Appellate Division, Fourth Department. October 18, 1905.)

INJUNCTION—PENDENTE LITE—INSUFFICIENT SHOWING.

On the ground that a "clear violation of law" is not shown, a temporary injunction is properly denied in a suit by a taxpayer to have declared void a lighting contract between a city and a gas company; it being exceedingly doubtful, to say the least, whether the charter provision (Laws 1891, p. 199, c. 105, § 283) for publication of a notice before a contract is entered into applies to contracts the power to make which is delegated exclusively to the legislative branch of the city government, as is a lighting contract, or whether section 506, prohibiting the purchase of patented articles, except under conditions allowing competition, applies to a contract for their "use" for a limited period.

Appeal from Special Term, Erie County.